UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL STERLING,

                Plaintiff,

                                       **DECISION AND ORDER**
                                            11-CV-639A

      v.

MERCANTILE ADJUSTMENT BUREAU, LLC,

                Defendant.

**I.    INTRODUCTION**

Pending before the Court is a motion by defendant Mercantile Adjustment Bureau, LLC for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure ("FRCP"). Plaintiff Paul Sterling has accused defendant of violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and the Telephone Consumer Protection Act of 1991 ("TCPA")[1] by calling him persistently about a debt that he never incurred. Defendant asserts that it has searched its records for plaintiff's name and does not find him there, and wants to conduct an additional search of its records using plaintiff's cellular telephone number. Plaintiff refuses to disclose his cellular telephone number until discovery for fear of spoliation—namely, a fear that defendant will

---

[1] Pub. L. No. 102-243, 105 Stat. 2394 (codified as amended in scattered sections of 47 U.S.C.).

alter its records once it has plaintiff's number to show that it never called him. Defendant insists that it cannot frame a meaningful response to the complaint without plaintiff's cellular telephone number.

The Court has deemed the motion submitted on papers pursuant to FRCP 78(b).  For the reasons below, the Court denies the motion.

## II.   BACKGROUND

This case concerns allegations that defendant has called plaintiff numerous times to collect a debt owed by someone whom plaintiff does not know. According to plaintiff, defendant began calling his cellular telephone around March 2011 to collect a debt owed by someone named Angie Jay.  Plaintiff neither owes any debt to anyone nor knows anyone by the name of Angie Jay. Plaintiff has explained this more than once to defendant, and yet defendant has used an automated dialing system to call plaintiff multiple times per week and often multiple times per day about this debt.

Frustrated with defendant's alleged refusal to stop calling him, plaintiff commenced this case by filing a complaint on July 28, 2011.  The complaint contains two counts.  In the first count, plaintiff accuses defendant of violating multiple sections of the FDCPA by calling him numerous times and harassing him as a result.  In the second count, plaintiff accuses defendant of violating the TCPA by using an automated telephone dialing system to call his cellular telephone number without his consent.  Plaintiff seeks actual and statutory

2

damages, along with costs and fees.  Relevant to the pending motion, plaintiff sets forth in his complaint that defendant has called his cellular telephone number numerous times but does not disclose what that number is.

Defendant filed the pending motion in response to the allegations in the complaint.  According to defendant, it searched its records in response to the complaint and could find neither plaintiff's name nor Angie Jay's name anywhere.  To make one last check of its records to see whether it ever dialed plaintiff's cellular telephone number, defendant wants to know what the number is to perform a records search by number.  Defendant asserts that it cannot frame any meaningful response to the complaint without knowing from a final and definitive search of its records whether it ever dialed plaintiff's cellular telephone number.  Accordingly, defendant seeks a more definite statement from plaintiff that includes that number.  Plaintiff opposes the motion out of fear of spoliation.  According to plaintiff, disclosing his cellular telephone number prior to discovery would give defendant an opportunity to alter its records to make those records look as if it never called him.  For now, plaintiff has offered to help defendant search its records by providing his address, the last four digits of his Social Security number, and names of individuals that defendant mentioned when calling his cellular telephone.  Plaintiff has promised to disclose his cellular telephone number later during discovery, once he has received a complete and unaltered copy of all calls that defendant made during the time period in question.

III.   **DISCUSSION**

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FRCP 12(e). "Courts must keep in mind, however, that the FRCP abolished bills of particulars and that the phrase 'cannot reasonably prepare a response' means more than 'we prefer to have this information sooner than later.'" *Patrick Dev., Inc. v. VIP Restoration, Inc.*, No. 09-CV-670, 2010 WL 447390, at *2 (W.D.N.Y. Feb. 2, 2010) (Arcara, *J.*). "A motion pursuant to Rule 12(e) should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.  The rule is designed to strike at unintelligibility rather than want of detail and . . . allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement." *Kok v. First Unum Life Ins. Co.*, 154 F. Supp. 2d 777, 781–82 (S.D.N.Y. 2001) (ellipsis in original) (internal quotation marks and citations omitted).

Here, defendant's willingness to conduct more searches of its records does not render the complaint unintelligible so as to meet the standard under FRCP 12(e).  The complaint alleges, in straightforward fashion, that defendant called plaintiff to collect a debt supposedly owed by someone named Angie Jay.  After an initial investigation of that allegation, defendant apparently has concluded that

4


neither plaintiff's name nor Angie Jay's name appear in its records. That information is enough to frame a denial of plaintiff's allegations that it can change later without penalty, if necessary. *Cf. Patrick Dev.*, 2010 WL 447390, at *2 ("Consequently, defendant has not shown how the complaint is unintelligible or what prejudice—*i.e.*, what loss of rights in later proceedings or at trial—it will suffer if it answers or otherwise challenges the complaint in its current form."); *INA Underwriters Ins. Co. v. Rubin*, 635 F. Supp. 1, 6 (E.D. Pa. 1983) (denying a motion for a more definite statement, where plaintiff alleged building defects in a housing development and defendants wanted plaintiffs to "identify by name the homeowners, or by address the defective homes in question"). That information also distinguishes the principal case that defendant has cited, *Coren v. Mobile Entertainment, Inc.*, No. C 08-05264, 2009 WL 264744 (N.D. Cal. Feb. 4, 2009). *Coren* addressed a situation in which a search by telephone number was the only way to conduct any investigation of the plaintiff's allegations. Under these circumstances, the Court denies defendant's motion.

**IV.   CONCLUSION**

For all of the foregoing reasons, the Court denies defendant's motion for a more definite statement (Dkt. No. 7). Defendant shall answer the complaint within 20 days of entry of this Decision and Order.

SO ORDERED.

                                      *s/ Richard J. Arcara*
                                      HONORABLE RICHARD J. ARCARA
                                      UNITED STATES DISTRICT JUDGE

DATED: October 17, 2011